

MINUTE ENTRY
SEAR, JUDGE
September 27, 2000

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BILLIE FINLEY                    *        CIVIL ACTION

VERSUS                           *        NO. 99-0144

SCHINDLER ELEVATOR CORP., ET AL  *        SECTION "G"

MEMORANDUM AND ORDER

Background

Plaintiff Billie Finley brings this action against Schindler Elevator Corporation ("Schindler") and Cadillac Fairview Shopping Center Properties (Louisiana), Inc. d/b/a Esplanade Mall ("Cadillac Fairview") pursuant to the court's diversity jurisdiction. Plaintiff alleges that on June 13, 1999, she sustained personal injuries to her neck and back while riding the Phase I down escalator ("Phase I escalator") at the Esplanade Mall in Kenner, Louisiana. She alleges that her injuries occurred when the right handrail of the Phase I escalator failed to move simultaneously with the steps, causing her to fall backward and strike parts of her body on the escalator steps. Plaintiff seeks to recover



DATE OF ENTRY
OCT - 3 2000

1



pursuant to Louisiana tort law.

Defendants have filed a motion in limine seeking a ruling (1) barring plaintiff from presenting a liability expert, on grounds that plaintiff has not timely retained such an expert, and precluding plaintiff from calling defendant's liability expert as a witness at trial; (2) barring plaintiff from questioning Dr. Vogel as to any facts or conclusions not contained in any report not provided to defendants before the cut-off, August 11, 2000; (3) barring plaintiff from calling Dr. John Olson as a witness or using his report in any way, as the report was not provided to defendants until Sept. 11, a month after the deadline; and (4) barring plaintiff from raising any issues regarding a recent attempt to amend an interrogatory response to provide that "guards and warnings should have been posted to deter misuse of the elevator." Plaintiff has opposed all of defendants' arguments except the one concerning Dr. Olson.

Analysis

With regard to plaintiff's lack of a liability expert, plaintiff states that she does not intend to call such an expert, but reserves the right to call defendant's expert, Mr. Tom Snyder,

as "an adverse witness." To the extent that what plaintiff alludes to is cross-examination, this is permissible.

With regard to the late submission of expert reports, both of the challenged expert reports are from treating physicians. Plaintiff suggests that her medical treatment is ongoing and that Dr. Vogel has treated her for some time now and defendants have had the opportunity to depose him. She does not address the argument that the report of her new physician, Dr. Olson, comes too late in these proceedings. I am not inclined to exclude the recent reports of plaintiff's treating physicians. Defendants may seek leave to depose Dr. Vogel again prior to trial and to depose Dr. Olson. If this cannot be accomplished prior to trial, continuance of the trial may be necessary, depending on the extent of additional treatment being recommended.

With regard to the argument concerning plaintiff's amendment to her interrogatory responses to add that guards or warnings should have been posted on the escalator, defendants' motion is not well taken. Plaintiff has *not* sought to amend her Complaint to add a new, unforeseen legal theory; even if she had, amendments are to be liberally granted, and pleadings may be amended even during or

after trial to conform to the evidence. In any event, the change to the interrogatory response appears to have been made to educate defendant concerning the conduct that plaintiff believes constitutes negligence. Whether plaintiff has the evidence to back this up remains for trial.

Accordingly,

IT IS ORDERED that defendants' motion in limine IS DENIED.

_____
MOREY L. SEAR
U.S. DISTRICT JUDGE