

MINUTE ENTRY
SEAR, JUDGE
September 27, 2000

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BILLIE FINLEY | * | CIVIL ACTION |
| VERSUS | * | NO. 99-0144 |
| SCHINDLER ELEVATOR CORP., ET AL | * | SECTION "G" |

MEMORANDUM AND ORDER

Background

    Plaintiff Billie Finley brings this action against Schindler Elevator Corporation ("Schindler") and Cadillac Fairview Shopping Center Properties (Louisiana), Inc. d/b/a Esplanade Mall ("Cadillac Fairview") pursuant to the court's diversity jurisdiction. Plaintiff alleges that on June 13, 1999, she sustained personal injuries to her neck and back while riding the Phase I down escalator ("Phase I escalator") at the Esplanade Mall in Kenner, Louisiana. She alleges that her injuries occurred when the right handrail of the Phase I escalator failed to move simultaneously with the steps, causing her to fall backward and strike parts of her body on the escalator steps. Plaintiff seeks to recover pursuant to Louisiana tort law.

    Defendants now move for summary judgment on grounds that

DATE OF ENTRY
OCT - 3 2000

1



plaintiff has failed to adduce any objective evidence to support her allegations that the cause in fact of her alleged injuries was any negligent act or omission of defendants. Plaintiff opposes the motion.

<u>Analysis</u>

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). This language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact. <u>Id.</u>

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of `the pleadings,

depositions, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of fact." Id. at 323, 106 S.Ct. at 2552-53 (citing Fed.R.Civ.P. 56 (c)). The movant may, but need not, support the motion with materials that negate the opponent's claim. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to an absence of evidence to support the non-moving party's claim; the non-moving party must then designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

When the moving party has carried its burden under Rule 56 (c), the opponent cannot simply "rest on the allegations in [the] complaint," International Shortstop, Inc. v. Rally's Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), and must present more than a metaphysical doubt about the material facts. Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Further, a claim that additional discovery or a trial might reveal facts of which the non-moving party is currently unaware is insufficient to defeat the motion. Woods v. Federal Home Loan Bank Bd., 826 F.2d 1400, 1414-15 (5th Cir. 1987).

The parties agree that Louisiana negligence principles govern this action.[1] Liability based on negligence is present when a plaintiff, applying a duty-risk analysis, is able to establish the following: the conduct is a cause in fact of the resulting harm; the defendant owed a duty to the plaintiff; the duty was breached; and the risk of harm was within the scope of the duty. Fox v. Board of Supervisors of LSU, 576 So.2d 978, 981 (La. 1991); Mart v. Hill, 505 So.2d 1120 (La. 1987), writ denied 515 so.2d 1108 (La. 1987).

Plaintiff and Schindler disagree on the standard of care applicable to Schindler. Plaintiff urges that elevator and escalator repair companies should be charged with the higher standard of care applied to common carriers; that is, the mere showing of injury to a customer/passenger and his failure to reach his destination safely establishes a prima facie case of negligence and imposes a burden on the company to show that it is free of negligence. See Rosell v. Esco, 549 So.2d 840, 843 n. 1 (La. 1989)(noting authority recognizing principle); Webre v. Alton Ochsner Medical Foundation Hosp., 759 So.2d 146, 149 (La.App. 5th

---

[1] Even assuming plaintiff also intends to assert a strict liability claim pursuant to La.Civ.Code art. 2317.1 and/or art. 2322, the law of strict liability was changed by the Louisiana legislature prior to the filing of this action and now requires a showing that the defendant knew or should have known of the injury-causing defect or risk, as in a negligence action.

Cir. 2000)(Chehardy, J., dissenting).

Plaintiff, noting that the Louisiana Supreme Court has never squarely addressed the issue,[2] asks me to certify to the Louisiana Supreme Court the issue of the standard of care applicable to an elevator maintenance firm. I am unable to accede to plaintiff's request, however, because the controlling Louisiana Supreme Court rules permit certification only by the United States Supreme Court and circuit courts of appeal. See La.Rev.Stat.Ann. §13:72.1; La.Sup.Ct. R. 12 (West 2000).

In any event, although the Louisiana Supreme Court has never ruled squarely on the issue, there is persuasive authority from Louisiana appellate courts on the issue. These cases hold that the standard of care applicable to an escalator repair/maintenance company is that of reasonable care, as opposed to the heightened standard applied to common carriers. See King v. Home Depot USA, Inc., et al, 729 So.2d 1149, 1152 (La.App. 1st Cir. 1999); Poree v. Dover Corp., 703 So.2d 150, 151 (La.App. 4th Cir. 1997); Rabito v. Otis Elevator Co., 648 So.2d 18 (La.App. 4th Cir. 1994).

---

[2] Indeed, in two cases the Supreme Court has avoided the issue, finding in one case that even under the ordinary standard of reasonable care the repairer was properly found liable, Rosell v. ESCO, 549 So.2d 840, 843 (La. 1989), and in the other case that there was not enough evidence to satisfy even the higher standard of care, assuming it did apply. Spott v. Otis Elevator Co., 601 So.2d 1355, 1361 (La. 1992).

Although the United States Fifth Circuit, in at least one case, charged an elevator maintenance company with the higher standard of care, see <u>Otis Elevator Co. v. Seale</u>, 334 F.2d 928 (5th Cir. 1964), that case is distinguishable from this one. In <u>Seale</u>, the elevator maintenance company was found to have exclusive control and "garde" of the elevator that justified imposing the standard of care ordinarily imposed on the owner of the elevator. See <u>King v. Home Depot U.S.A. Co.</u>, 729 So.2d 1149, 1151 (La.App. 1st Cir. 1999). Here, it is clear from the undisputed facts, including the mall's contract with Schindler, that Schindler did not have the same level of control over the escalator as that involved in <u>Seale</u>.

The burden is on plaintiff to prove that Schindler failed to exercise reasonable care in the performance of its services. It is undisputed that on the date of the accident, Schindler, pursuant to a contract entered into with Cadillac Fairview in 1992, furnished maintenance service on the escalators and elevators located in Esplanade Mall, including the Phase I escalator.[3] This included inspection and replacement of handrails on the escalators.[4] It also is undisputed that after the plaintiff's accident the handrail

---

[3] <u>See</u> Defendant Exhibit 1, Vertical Transporation Contract.

[4] <u>See</u> <u>Id.</u> at p. 2.

on the Phase I escalator was found to be damaged and was replaced by Schindler. What is in dispute, precluding summary judgment, is precisely *when* Schindler last inspected the Phase I escalator prior to the plaintiff's accident. Even after reviewing Schindler's most recent reply memorandum, I find that there is conflicting evidence concerning the most recent pre-accident inspection of this particular escalator. This fact is relevant to determining whether and when Schindler had knowledge of the alleged defect and whether Schindler exercised reasonable care in responding to any problem of which it knew or should have known. There is a very significant credibility aspect to the evidence sought to be relied on by defendant, and even the Schindler records require better explanation than has been, or can be, provided at the summary judgment stage.

With regard to Cadillac Fairview, though the parties do not adequately address the issue, it appears settled that the higher standard of care applicable to common carriers *does* apply to the mall owner. See Rosell, 549 So.2d 840, 848 n. 3 (La. 1989). The burden therefore is on defendant, Cadillac Fairview, to prove that it is *free* of negligence. This has not been adequately addressed, much less accomplished, via defendant's motion. Even assuming that this heightened standard does not apply to Cadillac Fairview, it is

undisputed that Cadillac Fairview also assumed some of the maintenance and response duties in connection with the Phase I escalator, and there is a genuine dispute of material fact concerning when Cadillac Fairview knew or should have known of the damage to the handrail.

Accordingly,

IT IS ORDERED that defendants' motion for summary judgment IS DENIED.

_____
MOREY L. SEAR
U.S. DISTRICT JUDGE